1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RACHEL J.,

          Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. C25-121-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff Rachel J. seeks review of the denial of her application for Supplemental Security Income. She contends the ALJ misevaluated plaintiff's testimony and the opinions of David Widlan, Ph.D., Tanya Stephenson, MS-MHP, and Jensen Nelson, PA. Dkt. 10. The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 37 years old, has at least a high school diploma, and has no past relevant work. Tr. 748. She applied for benefits in November 2018, alleging disability as of March 15, 2016. Tr. 156, 161. After her application was denied initially and on reconsideration, the ALJ conducted a hearing and, on April 14, 2022, issued a decision finding plaintiff not disabled. Tr. 15-26. Plaintiff sought judicial review, and, in February 2023, this Court granted

1  the parties' stipulated motion to remand the case for further administrative proceedings. Tr. 811.

2  On remand, the ALJ conducted a second hearing and, on September 25, 2024, issued a second

3  decision finding plaintiff not disabled. Tr. 739-49. Plaintiff now seeks review of the September

4  2024 decision.

5                                **THE ALJ'S DECISION**

6          Utilizing the five-step disability evaluation process,[1] the ALJ found that plaintiff had not

7  engaged in substantial gainful activity since the application date; she had the following severe

8  impairments: major depressive disorder, anxiety, post-traumatic stress disorder (PTSD), and drug

9  abuse history; and these impairments did not meet or equal the requirements of a listed

10 impairment. Tr. 741-42. The ALJ found that plaintiff had the residual functional capacity to

11 perform a full range of work at all exertional levels but with the following nonexertional

12 limitations: she is limited to simple, repetitive tasks with occasional public contact and incidental

13 contact with coworkers for routine tasks with little collaboration. Tr. 743. The ALJ found that

14 plaintiff had no past relevant work but, as there are jobs that exist in significant numbers in the

15 national economy that plaintiff could perform, she was not disabled. Tr. 748-49.

16                                 **DISCUSSION**

17         The Court will reverse the ALJ's decision only if it is not supported by substantial

18 evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v.*

19 *Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account

20 of an error that is harmless. *Id.* at 1111. The Court may neither reweigh the evidence nor

21 substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954

22

23

---

[1] 20 C.F.R. § 416.920.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 2

1    (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the

2    Court must uphold the Commissioner's interpretation. *Id.*

3    **A.    Plaintiff's testimony**

4    Plaintiff argues the ALJ erred in evaluating her testimony. Dkt. 10 at 3. Where, as here,

5    the ALJ did not find plaintiff was malingering, the ALJ must provide clear and convincing

6    reasons to reject her testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). An

7    ALJ does this by making specific findings supported by substantial evidence. "General findings

8    are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence

9    undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). In

10   other words, an ALJ's finding that a claimant's testimony is not credible must be "sufficiently

11   specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony

12   on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain."

13   *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). A single conclusory statement

14   rejecting a claimant's testimony that fails to identify specifically which statements the ALJ found

15   not credible and why is not sufficient to reject a claimant's testimony, even when that statement

16   is followed by a summary of the evidence. *Id.*

17   The ALJ found that the medical records did not reveal any twelve-month period of

18   disabling limitations. Tr. 744. The ALJ discussed mental health treatment records spanning the

19   course of the relevant period, noting plaintiff's reports or the provider's findings of mental health

20   symptoms such as depression, nightmares, anxiety, and difficulty being around other people, but

21   also noting in each instance normal or nearly normal findings on mental status examination. Tr.

22   744-45. The ALJ concluded that these records show a history of longstanding mental health

23   impairments, and that plaintiff tried numerous medications without reported success, but mental

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 3

status evaluations were generally within normal limits, including being alert, oriented, pleasant, cooperative, and attentive with intact memory and fund of knowledge and fair insight and judgment. Tr. 744-45.

The ALJ may consider whether a claimant's testimony is supported by the medical evidence of record. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). However, the ALJ must view treatment records in light of the overall diagnostic record. *Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) (citing *Holohan v. Massanari*, 246 F.3d 1195 (9th Cir. 2001)). In *Ghanim*, the Ninth Circuit found that observations of normal cognitive functioning such as good eye contact, organized and logical thought content, and focused attention during therapy did not undermine plaintiff's testimony about symptoms of depression and anxiety; rather, the treatment notes read as a whole revealed that the claimant continued to suffer frequent nightmares, hallucinations, social anxiety, difficulty sleeping, and feelings of hopelessness. *Id.*

Here, as in *Ghanim*, the ALJ relied on normal mental status examination findings such as being alert, oriented, cooperative, and attentive, while discounting plaintiff's repeated and consistent reports of depression, nightmares, anxiety, and difficulty being around other people. But as the *Ghanim* court explained, findings such as those in mental status examinations are not the sole factor when considering treatment records. Rather than considering the diagnostic record as a whole, the ALJ here improperly relied on one component of the treatment notes to the exclusion of all other information in them. The ALJ's reliance on normal mental status examination findings while discounting all other assessments of mental health symptoms was not a valid reason to discount plaintiff's testimony.

The ALJ also found that plaintiff frequently complained of situational stressors such as family problems and lack of transportation, but she was able to comply with the terms of her

1    probation and regularly attend her methadone clinic and expressed interest in working or going

2    to school. Tr. 746. With respect to situational stressors, the ALJ noted plaintiff's reports of

3    situational stressors when describing the treatment notes but failed to specify how the fact that

4    plaintiff experienced situational stressors undermined her testimony. Even if the Court presumes

5    that the ALJ found plaintiff's claimed limitations were caused by situational stressors and not her

6    impairments, or that her ability to comply with the terms of her probation and attend a

7    methadone clinic despite experiencing situational stressors undermined her testimony—findings

8    the ALJ did not make—the ALJ has failed to explain how the evidence in the record supports

9    any such finding. The ALJ's description of plaintiff's reports of situational stressors, without

10    more, is not sufficiently specific for the Court to review this reason for discounting her

11    testimony. *Brown-Hunter*, 806 F.3d at 493.

12        The ALJ also noted plaintiff's ability to comply with probation requirements and attend a

13    methadone clinic without discussing the manner in which she engaged in these activities or how

14    her ability to undertake these activities undermined her testimony. A claimant's daily activities

15    that are transferrable to a work setting may be grounds for an adverse credibility finding. *Fair v.*

16    *Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). But activities that do not contradict a claimant's other

17    testimony or meet the threshold for transferrable work skills cannot form the basis of an adverse

18    credibility determination. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Plaintiff testified that

19    the terms of her probation required her to attend weekly AA meetings, which she attended

20    online, and that her methadone clinic submitted UA results on her behalf; when she was under

21    active supervision, she met with her probation officer over the phone or via telehealth. Tr. 45-46.

22    She also testified that she went to the methadone clinic in person once every two weeks and was

23    soon to move to once per month. Tr. 44-45. The ALJ did not explain how plaintiff's ability to

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 5

1   attend weekly online meetings and an in-person clinic once every two weeks either contradicted

2   her other testimony or demonstrated an ability to perform full time work. The ALJ's reliance on

3   plaintiff's ability to undertake these activities without either identifying which statements these

4   activities undermined or how they were transferrable to a work setting was not a valid reason to

5   discount her testimony.

6           Finally, the ALJ noted plaintiff's statements in the record expressing interest in working

7   or going back to school. Tr. 746. In discussing the treatment notes, the ALJ cited to three

8   instances where plaintiff discussed working. In a psychiatric evaluation in December 2018,

9   plaintiff reported "wanting to get back to work soon." Tr. 412. In May 2021, when discussing

10  goals that would help her leave a controlling relationship, plaintiff and her clinician determined

11  that "her first step is to gain employment by the house so she can get out of the house and begin

12  getting her own money." Tr. 658. And in July 2021, plaintiff reported that she was "taking steps

13  to begin evaluating ability to gain education or part-time work if able to tolerate public settings."

14  Tr. 1446. The Commissioner asserts that the Ninth Circuit and other courts have upheld findings

15  in similar situations. Dkt. 12 at 6. But the cases the Commissioner cite to all discuss claimants

16  who had engaged in work activity or had actively sought employment. *See Bray v. Astrue*, 554

17  F.3d 1219, 1227 (9th Cir. 2009) (claimant recently worked as personal caregiver for two years

18  and sought other employment since then); *Chesler v. Colvin*, 649 F. App'x 631, 632 (9th Cir.

19  May 13, 2016) (unpublished) (claimant continually searched for work and was able to work

20  whenever he could find a job); *Stephen E. v. Comm'r Soc. Sec. Admin.*, No. 16-837, 2018 WL

21  3427647, at *4 (D. Or. July 16, 2018) (plaintiff worked at substantial gainful activity level after

22  alleged onset date and continued to look for work, including sending out resumes). Here, in

23  contrast, plaintiff made only statements about wanting to work or evaluating her ability to work

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 6

1    or attend school. None of the evidence the ALJ cited indicated that plaintiff engaged in work

2    activity or actively sought work during the relevant period. Plaintiff's statements that she wanted

3    to work or was evaluating her ability to work do not constitute substantial evidence to support

4    the ALJ's rejection of her claims.

5         In sum, the ALJ failed to give clear and convincing reasons, supported by substantial

6    evidence, to discount plaintiff's testimony.

7         **B.    Medical opinions**

8         Plaintiff argues that the ALJ erred in rejecting the medical opinions of Dr. Widlan, Ms.

9    Stephenson, and Mr. Nelson. Dkt. 10 at 11. The ALJ must consider the persuasiveness of

10   medical opinions using five factors (supportability, consistency, relationship with claimant,

11   specialization, and other), but supportability and consistency are the two most important factors.

12   20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2), (c) (2017). The ALJ must explain in her decision

13   how she considered the factors of supportability and consistency. 20 C.F.R. §§ 404.1520c(b),

14   416.920c(b) (2017). The ALJ is not required to explain how she considered the other factors,

15   unless the ALJ finds that two or more medical opinions or prior administrative medical findings

16   about the same issue are both equally well-supported and consistent with the record, but not

17   identical. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3) (2017). The ALJ cannot reject a doctor's

18   opinion as unsupported or inconsistent without providing an explanation supported by substantial

19   evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

20         *1.    Dr. Widlan*

21         Dr. Widlan examined plaintiff in November 2020 and opined that plaintiff had some

22   deficits in memory, concentration, and social reasoning; she was cognitively able to accept

23   simple instructions from a supervisor but more complex tasks would be too challenging for her;

1    she did not appear to persist with adequate pace; she would become easily overwhelmed due to

2    anxiety; she would likely struggle to negotiate simple social stressors on a consistent routine

3    basis; and she appeared to have considerable deficits in activities of daily living. Tr. 462. Dr.

4    Widlan examined plaintiff again in July 2023 and opined similar limitations. Tr. 1536.

5          The ALJ found these opinions not persuasive, finding that the limitations he opined were

6    partially supported by his examination findings, but they were not consistent with the mental

7    status examination findings in the treatment record from both before and after his evaluations.

8    Tr. 746-47. The ALJ also found that plaintiff exhibited an extreme degree of impairment during

9    the consultative examinations conducted for the purpose of awarding benefits, but the routine

10   treatment notes do not describe this level of impairment. *Id.* The ALJ concluded that Dr.

11   Widlan's opinions were not consistent with the bulk of the records showing plaintiff endorsed

12   mental health impairments but largely complained of situational stressors and had mental status

13   exam findings generally within normal limits. Tr. 747.

14          Plaintiff argues that the ALJ cited to only a single treatment note to support these

15   findings and that, even if the Court presumes that the ALJ was referring to the treatment notes he

16   cited when evaluating plaintiff's testimony, his reliance on those treatment notes suffers from the

17   same defect here as it did in that analysis. Dkt. 10 at 13-14. The Court agrees. The ALJ cited to

18   one treatment note from 2018 to support the assessment that Dr. Widlan's opinions were

19   inconsistent with mental status exam findings from before and after his examinations. Tr. 747

20   (citing Tr. 413-14). This, on its face, is not substantial evidence to support the ALJ's findings. To

21   the extent the ALJ intended to rely on the treatment notes he discussed when assessing plaintiff's

22   testimony, the analysis here suffers from the same defect. The ALJ again focuses on the mental

23   status examination findings to the exclusion of all other information in the diagnostic record. *See*

1   *Ghanim*, 763 F.3d at 1161-62 (when evaluating medical opinions, ALJ must consider the context

2   of the overall diagnostic picture). The ALJ's reliance on normal mental status examination

3   findings to the exclusion of all other evidence of mental health impairments did not constitute a

4   valid reason, supported by substantial evidence, to find Dr. Widlan's opinions not persuasive.

5           2.      *Ms. Stephenson*

6           Ms. Stephenson, a therapist and social worker, opined in December 2021 that plaintiff

7   was moderately to markedly limited in most areas of understanding and memory, sustained

8   concentration and persistence, social interaction, and adaptation. Tr. 729-30. With respect to the

9   "B criteria" of the relevant mental listings, Ms. Stephenson opined that plaintiff had moderate

10  difficulties in the ability to understand, remember, or apply information and in the ability to

11  interact with others, and she had marked difficulties in the ability to maintain concentration,

12  persistence, or pace and the ability to adapt or manage herself; with respect to the "C criteria"

13  she opined that plaintiff had such marginal adjustment that even a minimal increase in mental

14  demands or change in the environment would be predicted to cause her to decompensate. Tr.

15  731. Ms. Stephenson opined that plaintiff would be likely to be off task for 21-30% of a workday

16  and she would miss 4 or more days of work per month. *Id.*

17          The ALJ found that such drastic limitations were not supported by Ms. Stephenson's

18  treatment notes that showed plaintiff to be attentive with linear thought processes and grossly

19  intact memory, and further found that many of plaintiff's complaints were related to situational

20  stressors with lack of stable housing and lack of reliable transportation. Tr. 747.

21          Plaintiff argues that Ms. Stephenson's findings about plaintiff's thought process and

22  memory may have been a valid reason to reject her opinion about marked limitation in the ability

23  to perform simple tasks, it does not provide support for the ALJ's rejection of the remainder of

her opinion. Dkt. 10 at 15. The Court finds that, as with Dr. Widlan's opinion, the ALJ focused on one component of Ms. Stephenson's treatment records to the exclusion of all other information in the record. But Ms. Stephenson's opinion was based on more than just her assessment of plaintiff's thought processes and memory. The ALJ again erred by failing to consider the overall diagnostic picture when assessing Ms. Stephenson's opinion. *See Ghanim*, 763 F.3d at 1161-62.

        In addition, although plaintiff discussed situational stressors with Ms. Stephenson, in numerous instances plaintiff either did not discuss situational stressors or discussed improvement in her situation and yet still reported ongoing mental health symptoms. For example, in July 2021, plaintiff reported improved mood after ending a relationship and that she was able to maintain emotional stability in her home but continued to experience panic in public areas. Tr. 679. In August 2021, plaintiff had settled into a new apartment but reported fear of losing her housing and panic about the thought of returning to work. Tr. 687. In November 2021, plaintiff reported continuing intrusive negative thoughts and struggles with public spaces and feeling safe; Ms. Stephenson observed a loss of focus at times, but she was able to reconnect with prompting. Tr. 701. That same month, plaintiff reported feeling anxious about her ability to work due to difficulty remembering things, losing track of tasks, and increased panic any time she is in a public setting. Tr. 704. These reports of mental health symptoms outside the context of situational stressors undermine the ALJ's finding that situational stressors were the primary cause of plaintiff's complaints. The treatment record as a whole does not provide substantial evidence to support the ALJ's finding that Ms. Stephenson's opinion was unpersuasive because of plaintiff's reports of situational stressors.

1    The ALJ failed to give valid reasons, supported by substantial evidence, for finding Ms.

2    Stephenson's opinion not persuasive.

3        *3.    Mr. Nelson*

4        Mr. Nelson, a treating physician's assistant, opined in February 2022 that plaintiff would

5    need to lie down during the workday due to depression and lack of quality nighttime sleep,

6    working on a regular basis would cause plaintiff's condition to deteriorate due to heightened

7    anxiety, she would likely miss four or more workdays per month due to increased symptoms of

8    depression and anxiety, and she was limited to medium work. Tr. 734-35.

9        The ALJ found the opinion not persuasive. Tr. 747. The ALJ found that the opined

10    physical limitations were unsupported by the normal physical exams and observations and were

11    inconsistent with the lack of engagement in any ongoing physical treatment, and that the opined

12    mental limitations were not supported by the normal mental status examinations in the treatment

13    notes. *Id.* The ALJ further found that the opined absence limitations were not supported by

14    plaintiff's ability to comply with the terms of her probation, including attending AA meetings

15    and reporting to the methadone clinic. *Id.*

16        Plaintiff argues that the ALJ erred by rejecting this opinion for the same invalid reasons

17    he used to reject plaintiff's testimony and Dr. Widlan's and Ms. Stephenson's opinions. Dkt. 10

18    at 16. With respect to Mr. Nelson's opinions about plaintiff's mental limitations, the Court

19    agrees.[2] The ALJ again relied on mental status examination findings to the exclusion of the

20    complete diagnostic record, and again relied on plaintiff's ability to comply with the terms of her

21    probation, attend AA meetings, and report to the methadone clinic, without considering the fact

22

23

---

[2] Plaintiff makes no argument with respect to Mr. Nelson's opined physical limitations, and the Court does not find error in the ALJ's rejection of that portion of the opinion.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 11

1  that plaintiff engaged in those activities either remotely or only once every two weeks. The ALJ

2  failed to give valid reasons, supported by substantial evidence, for finding Mr. Nelson's opinion

3  about plaintiff's mental limitations not persuasive.

4      **C.    Remedy**

5      Plaintiff asks the Court to remand this case for an immediate award of benefits. Dkt. 10 at

6  16. The Court may remand for an award of benefits where "the record has been fully developed

7  and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*,

8  298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir.

9  1996)). This occurs when: (1) the ALJ has failed to provide legally sufficient reasons for

10  rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before

11  a determination of disability can be made; and (3) it is clear from the record that the ALJ would

12  be required to find the claimant disabled if he considered the claimant's evidence. *Id*. at 1076-77.

13      The court concludes that not all the conditions for an award of benefits are met. The court

14  finds that further administrative proceedings would be useful in order to allow the ALJ to

15  reevaluate the improperly rejected evidence as a whole, taking into consideration the overall

16  diagnostic record, and the remainder of the evidence. Accordingly, the court finds that remand

17  for further administrative proceedings is the appropriate remedy.

18      **CONCLUSION**

19      For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is

20  **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

21  On remand, the ALJ shall reevaluate plaintiff's testimony and the opinions of Dr. Widlan, Ms.

22  Stephenson, and Mr. Nelson. The ALJ shall further develop the record and redo the five-step

23

1    disability evaluation process as the ALJ deems necessary and appropriate to make a new

2    decision.

3          DATED this 29th day of July, 2025.

4

5                                                    BRIAN A. TSUCHIDA
                                                     United States Magistrate Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 13